UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61214-DAMIAN/Valle

MATTHEW ELLIS, an individual,

    Plaintiff,
v.

MEDICAL AIR SERVICES ASSOCIATION,
INC., a Foreign Profit Corporation,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Matthew Ellis and Defendant Medical Air Services Association, Inc., pursuant to Fed. R. Civ. P. 26(f), S.D. Fla. L.R. 16.1, and the Court's Order Requiring Scheduling Report and Certificate of Interested Parties [DE 9], hereby submit this Joint Scheduling Report, which incorporates their Discovery Plan. The Parties request that this case be administered under the Standard Track. A proposed Scheduling Order is attached as Exhibit A and will be sent to the Court in Word format via e-mail.

    **I.    PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

  **A. Changes in timing, form or requirements under Rule 26(a):**

The Parties propose that the initial disclosures under Fed. R. Civ. P. 26(a) shall be made no later than **September 30, 2024**. The Parties do not propose any other changes in timing, form or requirements under Fed. R. Civ. P. 26(a).

  **B. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues:**

Discovery may be needed on all factual aspects of this case. The Parties propose **May 30, 2025** as the deadline to complete discovery. The Parties agree that discovery should not otherwise be conducted in phases.

C. **Any issues about disclosure or discovery of electronically stored information including the form or forms in which it should be produced:**

All electronically stored information ("ESI") shall be produced in searchable PDF format, unless another format (e.g., native format) is specified in the request, pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in which case the ESI shall be produced in the format requested unless objected to under Federal Rule of Civil Procedure 34(b)(2)(D). The Parties will preserve a true and correct copy of any and all electronically stored data that is responsive to any party's discovery requests. The Parties further agree to take reasonable steps to preserve electronically stored information related to the claims alleged in this case.

D. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order:**

The Parties may negotiate and enter into a confidentiality agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. Should the parties enter into such an agreement, they will confer regarding whether they believe it necessary to seek an Order from the court regarding same. The parties will discuss any issues of privilege as they arise.

E. **What changes should be made in the limitations on discovery under the federal and local rules:**

The parties do not propose any changes in the limitations on discovery under the federal or local rules at this time.

F. **Other orders that the court should issue under Rules 26(c) or 16(b) and (c):**

The parties do not propose any other orders.

II. **REPORT OF PARTIES' CONFERENCE PURSUANT TO LOCAL RULE 16.1**

A. **Discussion of the Likelihood of Settlement:**

The likelihood of settlement cannot be determined at this time. However, the Parties will continue to explore, in good faith, the possibilities of settlement as contemplated by Fed. R. Civ. P. 26(f)(2) and S.D. Fla. L.R. 16.1 (d)(1), as this case progresses.

B. **Discussion of Likelihood of Appearance of Additional Parties:**

At this time, the Parties do not anticipate appearance of additional parties.

C. **Proposed Limits on Time**

i. **To join other parties and to amend the pleadings:**

The Parties' proposed deadline to make any motions to amend the pleadings or join other parties is **September 30, 2024**.

ii. **To file and hear motions:**

The Parties' proposed deadline to file all pre-trial motions, including motions for summary judgment and *Daubert* motions is **July 31, 2025**.

iii. **To complete discovery:**

The Parties' proposed deadline to complete discovery is **May 30, 2025**.

D. **Proposal for the formulation and simplification of the issues including the elimination of frivolous claims or defenses:**

At this time, the Parties do not have any proposals for the formulation and simplification of any issues. As the case progresses, the Parties will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case. Further, the Parties shall utilize the joint pretrial stipulation for this purpose.

E. **The necessity or desirability of amendments to the pleadings:**

The necessity or desirability of amendments to pleadings is uncertain at this time. The Parties propose that any motions to amend pleadings be filed by **September 30, 2024**.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties will communicate throughout the discovery phase and pre-trial and work in good faith to obtain admissions of fact and of documents and their authenticity and other stipulations that will avoid unnecessary proof at trial. The Parties have agreed that discovery documents or electronically stored information will be produced electronically in searchable pdf format, unless another format (e.g., native format) is specified in the request, pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in which case the document or ESI shall be produced in the format requested unless objected to under Federal Rule of Civil Procedure 34(b)(2)(D). If a party requests email communications from another party, the requesting party will provide the name(s) of the individual(s) whose email accounts are to be searched, and the Parties will confer on the search terms to be used.

The Parties may negotiate and enter into a confidentiality agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. The Parties may seek advance rulings from the Court regarding admissibility of evidence through motions *in limine*.

G. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:**

The Parties anticipate that, throughout the course of this litigation, they will be able to stipulate to certain facts and the authenticity of certain documents in an effort to narrow the issues

to be presented in the trial of this case, which will avoid the need for unnecessary testimony and evidence establishing basic facts that do not relate to the pertinent issues in dispute.

    **H. Suggestions on the advisability of referring matter to a Magistrate Judge or master:**

The Parties agree to refer only discovery and non-dispositive motions to the Magistrate Judge.

    **I. Preliminary Estimate of Time Required for Trial:**

The Parties anticipate that trial will last three to four (3-4) days.

    **J. Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The proposed deadline for the pre-trial conference is **October 21, 2025**. The proposed date for trial is **November 3, 2025**.

    **K. Issues about (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

The Parties have reached an agreement regarding the disclosure and discovery of electronically stored information, as discussed above. The Parties have not identified any issues at this time relating to claims of privilege or of protection as trial-preparation materials. The Parties have agreed that they may negotiate and enter into a confidentiality agreement providing for the protection against re-disclosure or inappropriate use of any documents or things produced in discovery and otherwise providing for the protection of documents after production.

**L. Other information helpful to the Court in setting the case for status of pretrial conference.**

At this time the parties are unaware of any other information that might be helpful to the Court in setting the case for status of pretrial conference.

Dated: August 26, 2024.

                                                Respectfully submitted,

| | |
|---|---|
| REID LEVIN, PLLC<br>P.O. Box 880682<br>Boca Raton, Florida 33488<br>Telephone: 561.866.6089 | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>100 North Tampa Street, Suite 3600<br>Tampa, FL 33602<br>Telephone: (813) 289-1247<br>Facsimile:  (813) 289-6530<br>Two Datran Center<br>9130 S. Dadeland Boulevard, Suite 1625<br>Miami, Florida 33156<br>Telephone: 305.374.0506<br>Facsimile: 305.374.0456 |
| *s/ Reid Levin*<br>Reid Levin<br>Florida Bar No. 1038933<br>reid@reidlevinpllc.com | |
| *Counsel for Plaintiff* | *s/ Beran Nar*<br>Ignacio J. Garcia<br>Florida Bar No. 0423440<br>ignacio.garcia@ogletree.com<br>Gretchen M. Lehman<br>Florida Bar No. 0046365<br>gretchen.lehman@ogletree.com<br>Beran Nar<br>Florida Bar No. 1025037<br>*beran.nar@ogletree.com*<br><br>*Counsel for Defendant* |